Schott's Estate.

376

*Warwick Potter Scott,* for exceptants.
*W. H. Porter* and *Walter Lee Sheppard,* contra.

VAN DUSEN, J., Dec. 21, 1928.—This will contains a large number of specific legacies and money legacies and a residuary clause. By a codicil, testatrix directed that a specific piece of real estate should be sold by her executor within three years, and that the proceeds up to $40,000 should be held in certain trusts; and further directed "Should the net proceeds of said real estate exceed the sum of Forty Thousand Dollars," the excess should become part of a trust created for a niece by the will. This niece claimed that a fund should be set up out of the general personal estate to take care of maintaining this real estate between the date of the testatrix's death and the date of its sale, arguing that the will converted it into personalty, and that the expense of preserving and caring for a specific piece of personal estate should be borne by the general personal estate. This claim was dismissed by the Auditing Judge, and exceptions follow.

There is, of course, a conversion, but that does not alter the situation. This piece of property is set apart from the general estate on its own terms, and whether it is technically personal or real estate, it must take care of itself. The legatee gets the income from it, if any, segregated from the general income, and if there are expenses in taking care of it, other than the usual administration expenses, they must be borne by the trust *res.* If we were concerned, for example, with rare objects of art, which had to be insured and stored and repaired while awaiting a difficult sale, the expense of so doing would fall on the specific legatee. This position as a thing apart is consistent with the superior rank of a specific legacy exempted from abatement with

money legacies. The first, second, third and seventh exceptions of both exceptants are dismissed.

Commissions at 5 per cent. on a gross estate of $175,000 were allowed to the executor after hearing a statement of the services performed. This is more than would be allowed for ordinary services; but the percentage method of fixing compensation is only a basis from which to work to an ascertainment of the true value of the services, and more or less than the usual percentage may be allowed according to circumstances. The finding of the Auditing Judge that there were special services entitled to extra compensation is supported by the evidence. The will authorizes the executor (who was her cousin) to "fix the amount of his compensation." Assuming that this would not authorize more than reasonable compensation, we should, nevertheless, not approach the question in an illiberal frame of mind. The fifth and eighth exceptions of both exceptants are dismissed.

Exceptions six and nine were to counsel fee. As stated in the adjudication, the record shows that no objection was made thereto at the audit, though the exceptants were represented. If specific objection had been made, as in the case of the commissions, evidence could have been offered in support of the fee requested. These exceptions are dismissed.

Testatrix gave $50 "to each member of my (Bible) Class whose name shall be found recorded in a book containing the names of the members of my Class at the time of my death." A book was found, but it contained a great many names besides those of the Bible class members. Testimony was taken to identify those who were members of testatrix's Bible Class at the time of her death, and from it the Auditing Judge made a finding which is supported by that testimony. Exceptions four and ten are dismissed.

All exceptions are dismissed and the adjudication is confirmed absolutely.